**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JOHN DOE | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION NO. 16-cv-5088 |
| v. | : | |
| | : | |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA | : | |
| | : | |
| *Defendant*. | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2017, upon consideration

of Plaintiff's Second Motion to Clarify the Court's Order Dated January 26, 2017, or, in the

Alternative, to Vacate That Order and Modify the December 21, 2016 Scheduling Order (Doc.

No. 51), and Defendant the Trustees of the University of Pennsylvania's opposition thereto (Doc.

No. 52), it is hereby **ORDERED** that the motion is **DENIED**.


**By the Court:**


_____
**Hon. John R. Padova**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE | : |
| *Plaintiff*, | : |
| | : : CIVIL ACTION NO. 16-cv-5088 |
| v. | : |
| | : |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA | : |
| | : |
| *Defendant*. | : |

**DEFENDANT THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S**
**OPPOSITION TO PLAINTIFF'S SECOND MOTION TO CLARIFY**

After having discussed these identical issues in Chambers just over a month ago, Defendant Trustees of the University of Pennsylvania (the "University") finds itself again responding to arguments from plaintiff John Doe that are: (1) squarely foreclosed by agreements between the parties and (2) designed to try to get to the end of this case before it has been litigated.  When the parties met in Chambers in June, the Court clearly conveyed to counsel for Mr. Doe its view that Doe was not – and would not be – entitled to his degree unless and until he prevailed in this litigation, and even then, only after the University's internal process had concluded.  Nevertheless, Mr. Doe has filed this motion seeking clarity of that which has already been clarified, and again complains that the relief sought is compelled by nothing more than the "passage of time."

There is nothing new here.  As explained in the University's papers in opposition to Mr. Doe's last motion to clarify, the parties' October 18, 2016 Joint Letter agreement was memorialized in writing then submitted to and approved by the Court.  It is attached again here for the Court's reference as <u>Exhibit A</u>.  (Mr. Doe does not attach or discuss the Joint Letter in his motion).

In the October 18 Joint Letter, the parties agreed that Doe would continue to be subject to a disciplinary hold while the parties briefed the legal sufficiency of the claims in this case. *See* Ex. A.   Plaintiff also agreed that even in the event this litigation was not resolved by graduation, he would not receive his degree. *See* December 20, 2016 Email, attached hereto as <u>Exhibit B</u>. In other words, Doe understood that he could be in the exact position he is in now and agreed to it – but now wants to renege.

The parties' agreement[1] is the only reason that plaintiff can now assert he has completed his degree requirements rather than having spent the spring semester suspended from the University.  Doe argues that the University is "seeking to have things both ways," but he has it backwards.   The parties' agreement allowed Doe to remain on campus and complete his coursework, a benefit Mr. Doe accepted without reservation.   The same agreement made clear that Doe could not receive his degree unless this civil action was resolved in his favor or he served his full suspension.   Now that Doe has completed his coursework, he wants to back out of the rest of the deal so he can receive his degree now.

Granting Doe's request to accelerate to the end of this case and just give him his degree would not only be manifestly unjust in view of the parties' agreement, it would completely undermine the University's ability to fulfill its Title IX obligations.   The message such an order

---

[1] Agreements voluntarily entered into by counsel for the parties and with the approval of the court are binding and must be given full force and effect. *Celenza v. Merdjanian*, No. CIV. A. 89-5921, 1990 WL 65759, at *1 (E.D. Pa. May 15, 1990) (citing *Norwick Pharm. Co. v. Rakway, Inc.*, 189 F.Supp. 348, 349 (E.D. Pa. 1960)), *aff'd*, 941 F.2d 1200 (3d Cir. 1991).  Indeed, "it is a well-recognized rule of law that valid stipulations entered into freely and fairly, and approved by the court, should not be lightly set aside." *Waldorf v. Shuta*, 142 F.3d 601, 616 (3d Cir. 1998); *see also Orvosh v. Program of Grp. Ins. for Salaried Emp. of Volkswagen of Am.*, 222 F.3d 123, 129 n.7 (3d Cir. 2000) (same).  Agreements among the parties "promote judicial economy" and, critically here, "narrow . . . the issues in dispute during litigation" and allowing parties to set aside or modify stipulations would defeat their purpose. *Waldorf*, 142 F.3d at 616.  Plaintiff's only justification for seeking to depart from the explicit agreement of the parties is "the passage of time."  The passage of time, however, is not the sort of exceptional circumstance contemplated by the case law.

sends is that simply filing a federal lawsuit – *without even winning* – will net a plaintiff a free pass from responsibility for his actions.  That is not a just result, and it is not warranted here.

## FACTS

On January 26, 2017, following a conference in Chambers at which the parties discussed the October 18, 2016 Joint Letter in detail, this Court ordered that the University hold plaintiff's sanction – his two-year suspension, as imposed by the DAO – "in abeyance until either this case is dismissed on a motion to dismiss, or, if the Defendant's motion to dismiss is denied in whole or in part, until the Court rules on Mr. Doe's motion for a preliminary injunction."  *See* Doc. No. 24.  It is important to reiterate that the sanction is the two-year suspension – not the (agreed-to) disciplinary hold, not Doe's perceived delay in this litigation, and not the other items of "unfairness" about which Doe now complains.

The Court's abeyance order was explicitly "pursuant to the Court's December 21, 2016 Order ***and the parties' agreement***."  *Id.* (emphasis added).  The "parties' agreement" was the parties' October 18, 2016 Joint Letter, which also stated that a disciplinary hold on Doe's account would remain in place while the court considered the parties' respective positions on the merits of plaintiff's case.  *See* Ex. A.  The Court reiterated that it would uphold the parties' agreement on this point during the Chambers conference in this matter on January 26, 2017, and yet again in the Chambers conference on June 7, 2017.

The parties' October 18, 2016 Joint Letter agreement also made clear that a request for a preliminary injunction and any discovery would not move forward until after the Court had resolved the University's motion to dismiss.  *See* Ex. A at 2; *see also* Plaintiff's Opposition to Defendant's Motion for Clarification (Doc. No. 21) at 5 ("The parties' agreement was specifically designed to allow them to submit the substantive legal issues to the Court without

having to litigate a TRO motion and without having to simultaneously conduct discovery pertinent to a request for preliminary injunctive relief."); Doc. No. 16 (staying discovery pending motion to dismiss).

After the internal University disciplinary appellate proceeding concluded in December 2016, the parties engaged in more discussions consistent with the October 18, 2016 Joint Letter to set a schedule.  As part of those discussions, counsel for the University wrote to plaintiff's counsel on December 14, 2017 and made clear that pursuant to the agreed-to disciplinary hold, "***Doe is not eligible to graduate***." Ex. B (bottom email on chain, sent from Joshua Richards to Patricia Hamill at 9:03 AM on December 14, 2016) (emphasis added).  Counsel for Doe signed off on the parties' agreement and proposed order, and never suggested that the terms in University counsel's December 14 email were in any way inconsistent with plaintiff's understanding.  *See* December 20, 2016 Email from Patricia Hamill to Joshua Richards (top email on chain), attached hereto as Exhibit C.

These discussions ultimately resulted in the stipulated order filed jointly by the parties on December 20, 2016 and signed by the Court on December 21, 2016.  *See* Doc. Nos. 15 & 16. That scheduling order stayed discovery in this matter, set a briefing schedule for the University's motion to dismiss, and deferred any action on preliminary injunctive relief until after the motion to dismiss had been decided.  *See id.*

## ARGUMENT

Doe's motion to clarify in effect seeks to permanently enjoin the University from implementing its sanction by demanding Doe's degree now, even though the merits of his case have yet to be litigated.  An order from this court directing the award of a degree would constitute an affirmative injunction.  Plaintiff, however, has (a) explicitly agreed to refrain from

seeking preliminary injunctive relief in this action pending the disposition of the motion to dismiss, *see* Ex. A at 2;[2] and (b) has not filed a motion for injunctive relief here (or satisfied the elements of one).  The Court should summarily reject Mr. Doe's demand that the University award his degree.

It is plain that Mr. Doe's request for an immediate award of his degree is little more than a rhetorical device to make what he really wants appear less unreasonable by comparison.  Mr. Doe's actual objective, which he calls his "alternative" request, is for the Court to "clarify"  that notwithstanding the entry of an order that ***he sought*** (and which was granted by the Court) holding his suspension in abeyance, *see* Doc. No. 24, the Court should now decree that his sanction *is not* being held in abeyance by the University.  In other words, while Doe was fine with the sanction being held in abeyance while he completed his degree requirements, now that he has done so, he wants the clock on the suspension to start running at the same time he is challenging the validity of his suspension.  Mr. Doe would also like to move forward with conducting discovery, notwithstanding his agreement to postpone discovery pending the disposition of the University's motion.

The first part of this request – which would have the clock on the suspension start running now, and make May 2019 as the latest possible date by which Doe should be awarded his degree – was discussed and decided in Chambers on June 7.  As the University made clear, and the Court agreed, the University cannot state with any amount of certainty when Doe might receive his degree.  In the event he prevails in this lawsuit, Doe's remedy is a remand for a new investigation and disciplinary proceeding.  That new proceeding could result in no sanction, it

---

[2]     Plaintiff purports to "reserve the right" to seek preliminary injunctive relief before the motion to dismiss has been decided by the Court.  Pl. Mot. at 3 n.2.  Plaintiff cannot reserve this right, however, since it has already been waived by agreement.  *See* Ex. A.

could result in a sanction lesser than or equal to the prior one, or it could result in a sanction in excess of the two years' suspension at issue here.  When all of that might conclude, and when Doe then might receive his degree, is a matter of speculation at this point.  It is worth noting that Doe is not willing to drop his claims, acknowledge that the suspension was appropriate, and have the suspension clock start now – he wants to litigate and challenge the University's decision, including the suspension, at the same time he wants the suspension to selectively take effect.

On the other hand, in the event Doe is unsuccessful in this lawsuit, the suspension will be imposed and will begin running as of the date the University prevails.  Doe's current motion to clarify is really about the fact that Mr. Doe now dislikes the effect of the Court's abeyance order he requested, and accordingly asks "in the alternative" to have the order lifted.

The University agreed to hold the two-year suspension in abeyance pending the disposition of the motion to dismiss, and in reliance on that agreement, the University permitted Mr. Doe to take classes and earn credits.  Mr. Doe is not currently under suspension pursuant to the parties agreement and the Court's Order.[3]  The agreement between the parties was affirmatively *not* that the suspension would be held in abeyance until it no longer benefitted Mr. Doe, but that is exactly what Doe is seeking.

As Doe himself argued to the Court, "[e]ven apart from the Court's Order, the parties' written agreement is binding and enforceable."  Plaintiff's Opposition to Defendant's Motion for Clarification (Doc. No. 21) at 6.  The case law makes clear that the parties' October 18 Letter Agreement is "'binding upon the parties, whether nor not made in the presence of the court,' and the court can enforce [it] summarily."  *Id.* (citing *Honesty Int'l, LLC v. Ideal Motorcars, LLC,*

---

[3]        If Doe now wants the Court to vacate the abeyance order, then the proper remedy is to place the parties in their respective pre-abeyance order positions.  As a result, Mr. Doe's credits obtained as a result of the abeyance order must be vacated as Mr. Doe only obtained those credits as a result of the sanction being held in abeyance in the first place.

No. 15-2745, 2016 WL 891401, at *1 (E.D. Pa. Mar 9, 2016).   A "change of heart" does not suffice.  *Id.*; *see also USX Corp. v. Penn Cent. Corp.*, 130 F.3d 562, 566 (3d Cir. 1997).

Finally, Doe asks the Court to lift the stay of discovery in this matter.  The University again refers the Court to the agreement of the parties, which defers discovery in this matter until after the motion to dismiss has been decided, and to the parties' joint, stipulated discovery order entered December 21, 2016.  *See* Exhibit A; Doc. No. 16.  That agreement is dispositive, as explained above.

Even if the Court were to disregard the parties' agreement, however, the case law does not support Doe's request.  As the Third Circuit explained in *Einchorn v. AT&T Corporation*, Rule 16(b) provides that scheduling orders "shall not be modified except upon a showing of good cause and by leave of the district judge."  *See* 484 F.3d 644, 650 (3d Cir. 2007).  The Court has already entered a scheduling order in this case, which, among other deadlines, stayed discovery.  *See* Doc. No. 16 (staying discovery pending the disposition of the motion to dismiss).

Doe is the moving party, so he is obligated to show "good cause" to seek to amend that order.  Fed. R. Civ. Pr. 16(b)(4).  A unilateral change of heart, however, is not "good cause."  *See* Plaintiff's Opposition to Defendant's Motion for Clarification (Doc. No. 21) at 6-7; *accord Honesty Int'l*, 2016 WL 89401, at *1.   A miscalculation about the effect of an agreement is likewise not "good cause."  *Accord Hazerci v. Technical Educ. Servs., Inc.*, No. 08–1092, 2009 WL 1515742, at *2 (E.D. Pa. May 29, 2009).  The only cause Doe articulates is "the passage of time" and his dissatisfaction with the status quo ***to which he agreed***.   Doe has not carried his burden, and the Court should deny his request.

## CONCLUSION

The terms of the parties' October 18, 2016 Joint Letter agreement, and the Courts' orders explicitly based on that agreement, are perfectly clear with respect to the conferral of Doe's degree and the schedule and structure of this litigation.  The University respectfully requests that the Court deny plaintiff's motion and award the University any such further relief as the Court deems warranted to deter further serial motions on these issues.

Respectfully submitted,

**SAUL EWING LLP**

Date:  July 12, 2017

/s/ *James A. Keller*
James A. Keller, Esquire/79855
Joshua W. B. Richards, Esquire/204315
Amy L. Piccola, Esquire/208888
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7777
jkeller@saul.com
jrichards@saul.com
apiccola@saul.com

# **<u>Exhibit A</u>**



James A. Keller
Phone: (215) 972-1964
Fax: (215) 972-4152
jkeller@saul.com
www.saul.com

October 18, 2016

**Via Facsimile (215-580-2272)**
The Honorable John R. Padova
United States District Judge
Room 17613, U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

       Re:   **Doe v. Trustees of the University of Pennsylvania, No. 16-cv-5088**

Dear Judge Padova:

       I am writing on behalf of all parties, having conferred extensively regarding next steps in this civil action.

       Defendant Trustees of the University of Pennsylvania intends to file a motion to dismiss. It is the parties' belief that it would be most efficient to have Your Honor rule on the motion to dismiss first, and then, if any claims warranting injunctive relief remain, proceed with additional briefing and expedited discovery on the preliminary injunction request.  The parties have agreed to the following while this briefing is moving forward:  1) any final sanction imposed against Mr. Doe will be held in abeyance until either this case is dismissed on a motion to dismiss, or, if the defendant's motion to dismiss is denied in whole or in part, until Your Honor rules on Mr. Doe's motion for preliminary injunction; 2) notwithstanding #1, Mr. Doe must comply with any "no contact" order that precludes his contact with Jane Doe; and 3) the disciplinary hold placed on Mr. Doe's account, which is University policy for any disciplinary proceeding, remains in place.

       With the foregoing in mind, the parties propose the following schedule for Your Honor's consideration:

| Action | Date |
|---|---|
| Final Decision of University Disciplinary Appellate Officer (DAO) | TBD |
| Plaintiff to file amended complaint, if desired, in response to DAO decision | Within 12 days of DAO decision |

Centre Square West ♦ 1500 Market Street, 38th Floor ♦ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ♦ Fax: (215) 972-7725

1927100.1 10/18/2016    DELAWARE   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

October 18, 2016
Page 2

| | |
|---|---|
| Defendant to file motion to dismiss complaint/amended complaint | Within 14 days after either amended complaint filed or Plaintiff advises that he is not amending Complaint. |
| Plaintiff to respond to motion to dismiss | Within 14 days after motion to dismiss filed |
| Defendant to file any reply brief on motion to dismiss | Within 1 week after Plaintiff's response filed |
| Plaintiff to file any sur-reply on motion to dismiss | Within 1 week after Defendant's reply filed |
| COURT TO RULE ON MOTION TO DISMISS | TBD |
| If motion to dismiss is not granted, or granted only in part, parties to submit Schedule for expedited discovery and briefing on preliminary injunction request | Within 10 days of Court ruling on motion to dismiss |

All of these dates are driven off of the internal decision by the University Disciplinary Appellate Officer. Plaintiff has not yet filed his internal appeal with the DAO (the deadline has not yet arrived), so it is difficult to discern a date for the DAO's decision right now. Just as an example, however, if the DAO rendered a final decision on November 11, 2016, and Mr. Doe was not satisfied with the result, here is how the proposed schedule would proceed:

| **Action** | **Date** |
|---|---|
| Final Decision of DAO | November 11, 2016 |
| Plaintiff to file amended complaint | November 23, 2016[1] |
| Defendant to file motion to dismiss | December 7, 2016 |
| Plaintiff to respond to motion to dismiss | December 21, 2016 |
| Defendant's reply in support of motion to dismiss | December 28, 2016 |

---

[1] One day earlier than 12 days, as November 24 is Thanksgiving.

1927100.1 10/18/2016

October 18, 2016
Page 3

| | |
|---|---|
| Plaintiff's sur-reply in opposition to motion to dismiss | January 4, 2017 |
| COURT RULING ON MOTION TO DISMISS | TBD |

Given the uncertainty of the date on which the appeal decision will be issued, the parties propose to submit to your Honor a scheduling order with precise deadlines within two business days of the date that the appeal decision is rendered.  We are happy to discuss at Your Honor's convenience.  Thank you very much.

Respectfully submitted,

James A Keller

Cc:    Patricia M. Hamill, Esq.
       Lorie K. Dakessian, Esq.

# **<u>Exhibit B</u>**

**Richards, Joshua W. B.**

---

| | |
|---|---|
| **From:** | Richards, Joshua W. B. |
| **Sent:** | Wednesday, December 14, 2016 9:01 PM |
| **To:** | Hamill, Patricia |
| **Cc:** | Flood, Barron; Piccola, Amy L.; Keller, James A. |
| **Subject:** | Re: Doe v. Penn -- Scheduling |

I believe the stipulated order is attached as Exhibit A to what I sent you, Patricia.

**Joshua W. B. Richards**
*Vice-Chair, Higher Education Practice Group*
Saul Ewing LLP
(215) 972-7737 | jrichards@saul.com

On Dec 14, 2016, at 8:23 PM, Hamill, Patricia <PHamill@conradobrien.com> wrote:

Josh,

Just had a chance to look at this for the first time.  Can you also send us the actual stipulated order?  This is only the motion.

Thanks and have a good night!

Patricia

**Patricia M. Hamill, Esquire | Conrad O'Brien PC**
Centre Square | West Tower |1500 Market Street Suite 3900 |Philadelphia, PA 19102-2100
Phone: 215.864.8071 | Cell: 215.421.2795| Fax: 215.864.0793 | E-mail: phamill@conradobrien.com | LinkedIn

---

From: Richards, Joshua W. B. [mailto:JRichards@saul.com]
Sent: Wednesday, December 14, 2016 3:55 PM
To: Hamill, Patricia
Cc: Flood, Barron; Piccola, Amy L.; Keller, James A.
Subject: RE: Doe v. Penn -- Scheduling

Patricia,

I've attached a draft stipulated scheduling order.  Happy to discuss,

Josh

**Joshua W. B. Richards**
*Vice-Chair, Higher Education Practice Group*
**Saul Ewing LLP**
(215) 972-7737 | jrichards@saul.com | [bio]

---

From: Richards, Joshua W. B.
Sent: Wednesday, December 14, 2016 9:03 AM

To: 'Hamill, Patricia'
Cc: Dakessian, Lorie K.; Piccola, Amy L.; Keller, James A.
Subject: Doe v. Penn -- Scheduling

Patricia,

Good speaking with you yesterday.  Following up on your request to push out our schedule in Doe v. Penn, the University is ok with your proposed schedule, which I believe you suggested keying off of a January 9 amended complaint, and then following the time periods we laid out in our joint letter to Judge Padova dated October 18, 2016.  If I'm not mistaken, that would look like this:

January 9:       Amended Complaint
January 23:     Motion to Dismiss
February 6:     Opposition to Motion
February 13:   Reply
February 21:   Sur-reply

There are two points that I want to make sure we are all on the same page on – first, as stated in the October 18 joint letter, in the event that the federal court proceedings are still unresolved by the late spring, Doe is not eligible to graduate based on a disciplinary hold.  We don't want any confusion around that point.  Second, to the extent our motion to dismiss is granted and/or your preliminary injunction is denied, the sanction will be immediately imposed.  If that happens after the University's deadline for refunds, Doe will not be eligible to have his tuition for the spring semester returned.  We didn't want any surprises around that point either.

So long as we're all on the same page on those issues, we'll put together a stipulated scheduling order and circulate it later today for your approval.

Best,
Josh

**Joshua W. B. Richards**
*Vice-Chair, Higher Education Practice Group*
**Saul Ewing LLP**
(215) 972-7737 | jrichards@saul.com | [bio]

"Saul Ewing LLP <saul.com>" made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~+

This email and any attachments may be confidential or legally privileged. If you received this message in error or are not the intended recipient, you should destroy the email message and any attachments or copies, and you are prohibited from retaining, distributing disclosing or using any information contained herein. Please inform us of the erroneous delivery by return email. Thank you for your cooperation.

# **<u>Exhibit C</u>**

**Richards, Joshua W. B.**

| | |
|---|---|
| **From:** | Hamill, Patricia <PHamill@conradobrien.com> |
| **Sent:** | Tuesday, December 20, 2016 4:33 PM |
| **To:** | Richards, Joshua W. B. |
| **Cc:** | Keller, James A.; Piccola, Amy L.; Flood, Barron |
| **Subject:** | Re: ████ v Penn - revised stipulated scheduling order |
| | |
| **Categories:** | Dowling |

Josh,

Looks good. You have our permission to go ahead and file/sign.

Thanks!

Patricia

Patricia M. Hamill, Esquire
Conrad O'Brien PC
Centre Square West Tower
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
P: 215.864.8071
C: 215.421.2795
F: 215.864.0793
E: phamill@conradobrien.com

On Dec 20, 2016, at 1:25 PM, Richards, Joshua W. B. <JRichards@saul.com> wrote:

> Patricia,
>
> I've attached a clean final version of the proposed joint motion and stipulated order.  Can you please
> review and confirm I have authority to file on behalf of all parties?
>
> Thanks very much,
>
> Josh
>
> **Joshua W. B. Richards |  Saul Ewing LLP**
> (215) 972-7737 | jrichards@saul.com

From: Hamill, Patricia [mailto:PHamill@conradobrien.com]
Sent: Monday, December 19, 2016 9:39 PM
To: Richards, Joshua W. B.
Cc: Keller, James A.; Piccola, Amy L.; Flood, Barron
Subject: Fwd: ████ / Penn - revised stipulated scheduling order

Josh,

In follow up to our call this evening.  You may reject our proposed paragraph 3.  It is our understanding that all other red-lined changes in the attached will be incorporated and filed with the Court tomorrow.  I am in tomorrow to the extent this needs a final review or if you need to speak with me.

Have a good night.

Patricia

Sent from my iPad

Begin forwarded message:

> **From:** "Hamill, Patricia" <PHamill@conradobrien.com>
> **Date:** December 16, 2016 at 3:56:40 PM EST
> **To:** "'Richards, Joshua W. B.'" <JRichards@saul.com>
> **Cc:** "Keller, James A." <JKeller@saul.com>, "Piccola, Amy L." <APiccola@saul.com>, "Flood, Barron" <bflood@conradobrien.com>
> **Subject:** ▇▇▇▇ v Penn - revised stipulated scheduling order

> Josh,

> Here is a red-lined version of the draft motion and stipulated scheduling order.  Please let me know if you have any questions.  I'm in the office this afternoon and next week as well.

> Patricia

> **Patricia M. Hamill, Esquire | Conrad O'Brien PC**
> Centre Square | West Tower |1500 Market Street Suite 3900 |Philadelphia, PA 19102-2100
> Phone: 215.864.8071 | Cell: 215.421.2795| Fax: 215.864.0793 | E-mail: phamill@conradobrien.com |
> LinkedIn

---

This email and any attachments may be confidential or legally privileged. If you received this message in error or are not the intended recipient, you should destroy the email message and any attachments or copies, and you are prohibited from retaining, distributing disclosing or using any information contained herein. Please inform us of the erroneous delivery by return email. Thank you for your cooperation.

"Saul Ewing LLP <saul.com>" made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~+

<PHILA-#1949081-v2-Penn_▇▇▇▇_--_Motion_for_Entry_of_Stipulated_Scheduli....doc>

---

This email and any attachments may be confidential or legally privileged. If you received this message in error or are not the intended recipient, you should destroy the email message and any attachments or copies, and you are prohibited from retaining, distributing disclosing or using any information contained herein. Please inform us of the erroneous delivery by return email. Thank you for your cooperation.

**<u>CERTIFICATE OF SERVICE</u>**

I, Joshua W. B. Richards, certify that on this date I filed via the Court's ECF system a true and correct copy of the foregoing Opposition to Plaintiff's Second Motion to Clarify the Court's Order Dated January 26, 2017, or, in the Alternative, to Vacate That Order and Modify the December 21, 2016 Scheduling Order, which constitutes valid service on the following registered users:

Patricia M. Hamill
Melissa A. Anderson
Conrad O'Brien P.C.
1500 Market Street, 39th Floor
Philadelphia, PA  19102
phamill@conradobrien.com
manderson@conradobrien.com
*Attorneys for Plaintiff*

/s/ *Joshua W. B. Richards*
Joshua W. B. Richards

Dated: July 12, 2017